UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KELLY R. MCCALIP, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-04457-TAB-SEB |
| NANCY A. BERRYHILL, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MCCALIP'S BRIEF IN SUPPORT OF APPEAL**

**I.  Introduction**

Plaintiff Kelly R. McCalip appeals the Social Security Administration's denial of her application for disability benefits. McCalip claims she became disabled on April 6, 2010, but her date last insured is June 30, 2010. Therefore, the Administrative Law Judge's job was not to determine if McCalip was disabled at the time of the hearing. Rather, the ALJ's inquiry was to determine if McCalip was disabled during an extremely short eligibility period, which was more than three years before she filed her application for disability benefits. The issue on appeal is whether the ALJ erred in his calculation of McCalip's residual functional capacity by failing to properly weigh medical opinions or by failing to properly evaluate McCalip's testimony. As explained below, the ALJ's decision regarding medical opinions is supported by substantial evidence, and his assessment of McCalip's testimony is not patently erroneous. Therefore, the Court denies McCalip's request for remand [Filing No. 16] and affirms the ALJ's decision.

**II.  Background**

In evaluating McCalip's claim, the ALJ used the SSA's five-step sequential process. *See* 20 C.F.R. § 404.1520(a) (explaining the five-step process). At step one, the ALJ determined that

McCalip was employed during the relevant period, but her work did not rise to the level of substantially gainful employment. At step two, the ALJ determined that McCalip was severely impaired with fibromyalgia, degenerative disc disease, hypertension, and obesity. However, at step three, the ALJ determined that McCalip's combination of impairments did not meet the severity requirements of any listed impairment, so McCalip was not presumptively disabled. 20 C.F.R. pt. 404, subpt. P, app. 1. Instead, the ALJ proceeded with the analysis by evaluating McCalip's RFC, meaning her ability to perform work activities despite her impairments. 20 C.F.R. § 404.1545(a)(1). The ALJ determined that McCalip had the RFC to perform medium work except that she could not crawl or climb ladders, ropes, or scaffolding. The ALJ did not follow treating neurologist Dr. Silbert's opinion that McCalip has been disabled since December 2008.

At step four, the ALJ determined that McCalip's RFC allowed her to perform past relevant work as a shipping and receiving clerk, a nanny, or a daycare worker. Therefore, the ALJ determined that McCalip was not disabled. Even if McCalip were unable to perform her past relevant work, the ALJ alternatively determined at step five that McCalip's age, education, experience, and RFC enabled her to work in jobs that existed in significant numbers in the national economy. Therefore, the issue on appeal is whether the ALJ erred in weighing medical opinions or in his evaluation of McCalip's testimony.

### III. Discussion

McCalip argues that substantial evidence does not support the ALJ's calculation of McCalip's RFC. In support of this argument, McCalip contends that the ALJ erred in weighing medical opinions and that the ALJ failed to properly evaluate her testimony. McCalip's arguments are not persuasive. On review, the Court exercises deference and evaluates whether

2

the ALJ's decision is supported by "substantial evidence." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1979)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This means that substantial evidence is "more than a mere scintilla but may be less than a preponderance" of the evidence. *Id.* However, the Court will not "reweigh the evidence or substitute [the Court's] judgment for that of the ALJ." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014) (quoting *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013)). Instead, the Court will analyze whether the ALJ performed his duty to "minimally articulate" his reasoning and provide a logical bridge from the evidence to his conclusion. *Berger v. Astrue*, 516 F.3d 539, 544-45 (7th Cir. 2008).

### A. The ALJ Did Not Err in Weighing Medical Opinions

McCalip argues that the ALJ erred when weighing various medical opinions. In support, she first argues that the ALJ improperly disregarded Dr. Silbert's opinion merely because it was retrospective. McCalip next contends that the ALJ played doctor by assuming the supporting clinical and diagnostic findings could not result in the physical limitations in Dr. Silbert's retrospective opinion. McCalip also maintains that Dr. Silbert's opinion is well supported and consistent with the record, and therefore should have been afforded controlling weight. Alternatively, McCalip argues that if the ALJ reasonably declined to afford Dr. Silbert's opinion controlling weight, then the ALJ failed to weigh the relevant regulatory factors required by 20 C.F.R. § 404.1527(c). Last, McCalip argues that the ALJ played doctor when he concluded, without citing medical evidence, that McCalip was physically limited to a range of medium work. These arguments are not persuasive.

A doctor's opinion is retrospective if (1) it requires the doctor to look back in time to opine whether the claimant was impaired at an earlier date, and (2) that doctor did not come to the same conclusion at that earlier date. *See Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998). ALJs may consider retrospective medical opinions only if the opinion is corroborated by evidence contemporaneous with the eligibility period.[1] *See Estok*, 152 F.3d at 638. If a retrospective opinion by a treating physician is corroborated with medical evidence contemporaneous with the eligibility period, then the treating physician rule applies. *Johnson v. Berryhill*, No. 3:17CV-46-PPS, 2018 U.S. Dist. LEXIS 44239, at *7 (N.D. Ind. Mar. 19, 2018) (quoting *Martinez v. Massanari*, 242 F. Supp. 2d 372, 377 (S.D.N.Y. 2003)); *Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1049 (E.D. Wis. 2005) (same). In other words, a treating physician's corroborated retrospective opinion is due controlling weight unless it is inconsistent with the medical evidence or compelling non-medical evidence. *Johnson*, 2018 U.S. Dist. LEXIS 44239, at *7.

The ALJ did not discount Dr. Silbert's opinion merely because it was retrospective. Rather, the ALJ discounted Dr. Silbert's opinion because it was not corroborated and was inconsistent with the record evidence. The ALJ strongly implied that McCalip's only relevant contemporaneous medical evidence, her evaluations with Dr. Johnson, did not corroborate Dr. Silbert's opinion that McCalip was disabled during the brief eligibility period in 2010. [Filing No. 9-2, at ECF p. 26, R. at 25 ("I noted no clinical findings in these treatment notes to suggest significant limitations let alone disabling ones.").] Additionally, the ALJ reasonably concluded

---

[1] The Court notes that McCalip's brief confuses the word "may" with "must" and in doing so has misinterpreted *Estok* as requiring, rather than permitting, the ALJs to consider retrospective opinions. [Filing No. 16, at ECF p. 21.]

that McCalip's ability to work as a nanny during the eligibility period "casts serious doubts" on the past severity of her impairments. [Filing No. 9-2, at ECF p. 23, R. at 22.]

McCalip counters that Dr. Silbert's opinion was based on objective and clinical findings that were consistent with and corroborated by evidence pre-dating McCalip's eligibility period. To be sure, McCalip was diagnosed with "mild" degenerative disc disease based on an MRI before the brief eligibility period. [Filing No. 16, at ECF p. 4.] Still, nothing in the record indicates that this diagnosed disease was disabling during the relevant period. In fact, McCalip does not allege she became disabled until six months after the diagnosis. While this diagnosis could corroborate a retrospective opinion that McCalip has degenerative disc disease, it is not enough to corroborate Dr. Silbert's 2014 opinion that the severity of McCalip's impairments must have rendered her disabled years earlier.

McCalip also contends that an MRI shortly after the eligibility period further corroborates Dr. Silbert's opinion. But McCalip concedes that this subsequent MRI "revealed no significant change from the previous [MRI]" taken before the eligibility period. [Filing No. 16, at ECF p. 6.] Given that the first MRI does not corroborate Dr. Silbert's opinion, the second MRI fares no better. At a minimum, the "mild" nature of the MRI findings [*id.*], is further evidence that Dr. Silbert's opinion is inconsistent with the record. Therefore, the ALJ did not err in discounting Dr. Silbert's opinion.

McCalip next argues that the ALJ played doctor by assuming the supporting clinical and diagnostic findings could not result in the physical limitations in Dr. Silbert's retrospective opinion. However, the ALJ did not do that. Rather, the ALJ discounted Dr. Silbert's opinion because it was more than three years removed from the eligibility period and inconsistent with the record. The ALJ was entitled to discount Dr. Silbert's opinion because of the

5

inconsistencies. See *Allen v. Weinberger*, 552 F.2d 781, 785-86 (7th Cir. 1977) (discounting retrospective opinion as inconsistent with record as a whole). As previously stated, the objective MRI evidence both before and after the eligibility period showed that McCalip's degenerative disc disease was no more than mild. Additionally, the evidence shows that McCalip worked as a nanny during this period. Therefore, the ALJ did not err in reasonably discounting Dr. Silbert's opinion.

Dr. Silbert's opinion was not due controlling weight. The retrospective opinion of a treating physician is only due controlling weight if it is corroborated with medical evidence contemporaneous with the eligibility period. *Johnson v. Berryhill*, No. 3:17CV-46-PPS, 2018 U.S. Dist. LEXIS 44239, at *7 (N.D. Ind. Mar. 19, 2018) (citation omitted). But the Court has already shown that Dr. Silbert's opinion was inconsistent with the record or corroborated by contemporaneous medical evidence. The ALJ rightly did not assign Dr. Silbert's opinion controlling weight.

The ALJ weighed the relevant regulatory factors listed in 20 C.F.R. § 404.1527(c) for assigning weight to a treating physician's opinion. These factors may include the "length, nature and extent of the treatment relationship; frequency of examination; the types of tests performed; and the consistency and support for the physician's opinion." *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). But in analyzing medical opinions and weighing the regulatory factors, ALJs are not required to be tidy in their writing. *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678-79 (7th Cir. 2010). Instead, this Court will "read the decision as a whole and with common sense." *Id.* McCalip contends that the ALJ did not weigh these factors.[2] However,

---

[2] The ALJ arguably should not have considered Dr. Silbert's opinion at all because it was not corroborated. See *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) (holding that ALJs may consider retrospective opinions only if they are corroborated by contemporaneous evidence).

6

when read as a whole, the ALJ's decision sufficiently analyzes the relevant regulatory factors. The ALJ recognized Dr. Silbert's status as a treating physician that maintained a specialty in neurology when he referred to Dr. Silbert as a "treating neurologist." [Filing No. 9-2, at ECF p. 27, R. at 26.] Additionally, the ALJ demonstrated an understanding of the relevant nature of Dr. Silbert's treating relationship with McCalip. The ALJ understood the opinion was retrospective and that Dr. Silbert began treating McCalip more than three years after the eligibility period. [*Id.*] Furthermore, the ALJ sufficiently demonstrated Dr. Silbert's opinion was inconsistent with the record or supported by contemporaneous medical evidence. [Filing No. 9-2, at ECF p. 23, 25-27, R. at 22, 24-26.] Therefore, the ALJ sufficiently weighed the relevant factors.

McCalip also argues the ALJ played doctor by concluding that she was physically limited to a range of medium work even though no medical expert offered that opinion. She contends that the ALJ must cite to medical evidence to support his finding of medium exertion. But this assumes that claimants are presumptively disabled and the ALJ must cite medical evidence showing they are not. "[I]t is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove [her] disability." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) (citing 20 C.F.R. § 404.1512(c); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)). Furthermore, claimants are only presumed disabled if they are found to meet or equal a listing. 20 C.F.R. § 404.1520(a)(4)(iii). Therefore, McCalip had the burden to show she was disabled, and the ALJ had no duty to prove McCalip was not. The ALJ weighed all the evidence McCalip supplied and attributed some limitation to McCalip's RFC by giving partial weight to each medical source. Nonetheless, the ALJ determined this evidence did not warrant a more restrictive finding. [Filing No. 9-2, at ECF p. 27, R. at 26.] This is not playing doctor.

7

In a parenthetical, McCalip argues that when the ALJ "rejects every medical opinion in the record, it leaves an 'evidentiary deficit' the ALJ may not fill with his lay opinion." [Filing No. 9-2, at ECF p. 24 (quoting *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010)).] However, the "evidentiary deficit" left in *Suide*, 371 F. App'x at 690, existed because of an intervening stroke that rendered a physician's opinion outdated and irrelevant. No such evidentiary deficit exists in the present case because the ALJ gave partial weight to the relevant medical opinions. Though ALJs have a duty to develop the evidentiary record when an opinion's medical support is not "readily discernable," *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004), there is no indication that the medical evidence in the present case was insufficient or not discernable. The ALJ did not completely reject or accept any source. Rather, in concluding that McCalip was limited to performing no more than medium exertion work, the ALJ assigned each medical source partial weight. This is neither playing doctor nor error.

### B. The ALJ Sufficiently Evaluated McCalip's Testimony

McCalip argues that the ALJ's evaluation of her subjective testimony was patently erroneous because the ALJ "simply concluded" that McCalip's claim was based primarily, if not entirely, on subjective testimony. McCalip contends that the ALJ did not sufficiently weigh the factors set forth in Social Security Ruling 16-3p and that McCalip's allegations are not required to be substantiated by diagnostic tests. The Court is not persuaded that the ALJ's SSR 16-3p analysis requires remand.

On review, this Court exercises deference and remands only if the ALJ's SSR 16-3p evaluation is patently erroneous. *Shank v. Berryhill*, No. 1:16-cv-01856-JMS-MJD, 2017 U.S. Dist. LEXIS 106012, at *7 (S.D. Ind. June 6, 2017) (quoting *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008)). In other words, this Court will affirm the ALJ's decision unless it "lacks any

explanation or support." *Id.* Furthermore, the ALJ is not required to artfully organize his analysis into one section, but rather, this Court "read[s] the ALJ's decision as a whole and with common sense." *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678-79 (7th Cir. 2010).

In evaluating McCalip's testimony, the ALJ is required to consider the factors outlined in SSR 16-3p and 20 C.F.R. § 404.1529(c). *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). These include her "daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations." *Id.* The ALJ must go beyond a brief description of McCalip's testimony as it pertains to these factors and must build a logical bridge from the evidence to the ALJ's conclusion. *Id.* Still, the ALJ is not required to discuss factors that are not pertinent to the evidence. Social Security Ruling 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166, 14170 (Mar. 16, 2016). Additionally, while the ALJ is not permitted to disregard McCalip's testimony solely because it is not supported by objective medical evidence, he is still entitled to resolve any discrepancies between the objective evidence and McCalip's testimony. *Shank*, 2017 U.S. Dist. LEXIS 106012, at *7.

The ALJ's credibility assessment offers sufficient explanation and support. While the ALJ does not artfully organize his analysis of the relevant regulatory factors, his decision does analyze McCalip's treatment, ER visits, other relevant symptoms, and her testimonial letters. [Filing No. 9-2, at ECF p. 26-27, R. at 25-26.] Additionally, in an earlier section of his decision, the ALJ noted that McCalip's ability to work part-time during the relevant period "casts serious doubts on the alleged severity of her symptoms, if not the existence of the underlying impairments." [*Id.* at ECF p. 23, R. at 22.] Therefore, the ALJ's decision is sufficiently supported and is not patently erroneous.

McCalip also contends that her subjective allegations cannot be rejected merely because the objective evidence does not substantiate her allegations. However, the ALJ did look beyond the objective evidence. ALJs are entitled to resolve discrepancies between subjective and objective evidence, *Shank*, 2017 U.S. Dist. LEXIS 106012, at *7, because ALJs are "in the best position to determine a witness's truthfulness and forthrightness." *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004). In the present case, the ALJ recognized the discrepancy between McCalip's testimony and her ability to occasionally work during the relevant period, the objective MRI evidence, the testimonial letters, and her treatment history, among other things. The ALJ was entitled to determine that this evidence limited the credibility of McCalip's subjective allegations.

**IV.  Conclusion**

For these reasons, McCalip has not demonstrated that the ALJ committed reversible error. The Court denies the relief McCalip requests in her brief in support of appeal [Filing No. 16] and affirms the ALJ's decision.

Date: 7/9/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.